sideration, however, I have seen reason to alter my mind, as the court, in that case, appears to have done; and I agree with them, that such a plea holds up an immaterial issue, and that the prosecutor could not file a proper replication to it. As the court are reported (2 *Salk.* 423) to have said, in that case, if it be considered as at common law, there is no such plea; if on the statute, the act is not pursued, and the plaintiff could not take issue on it, for the issue is immaterial, the jury might find him not guilty *infra quatuor annos*, but guilty *infra sex annos.* Such a plea is, at best, but argumentative, and it is better that the plea of the statute should be precise and direct. 11 *Mod.* 38, *S. C.*

In the cases that have been cited from *Tremaine's Pleas* and *Sir Thomas Raymond,* the plea was, a possession of three years, though, in the first case, it is evident that the possession was, at least, six years. This is confirmatory of the opinion that has been stated.

This plea is therefore defective, yet I confess that I do not like to give more weight to exceptions of this nature than I am compelled to, and I felt a strong inclination to give liberty to amend it. But I do not recollect any case of this description in which this has been done, and I do not therefore feel myself authorized to order an amendment. Judgment must therefore be in favor of the demurrer.

Judgment for demurrant.

---

## In the Case of Timothy Brush.

### ON CERTIORARI.

One who has been arrested on a *ca. res.* and permitted by sheriff to go at large, is not "in confinement for debt" within the meaning of the insolvent law.

---

The case, as stated by the judges, and returned with the *certiorari,* was that Timothy Brush had been arrested on a

---

Brooks *v.* Brooks.

---

*capias ad respondendum*, and in January, 1796, received permission from the plaintiff in the suit and the sheriff, to go at large, being merely directed to attend occasionally at court. Under this permission he remained at large and pursued his business.

An act of assembly was passed 17th March, 1796, for the relief of insolvent debtors, and under the words of this act the benefits of it were extended to all persons "*now in confinement for debt*," &c. The question before the court was, whether Brush was in actual confinement for debt within the meaning of the act?

The case was argued by *R. Stockton*, against the discharge, and *Frelinghuysen*, for it.

*Per Curiam.* This was not such a confinement as was intended by the act, which was meant to be a confinement in gaol. Brush was not an object of the law, and the proceedings must therefore be quashed.

Proceedings quashed.

---

EXECUTOR OF EDWARD BROOKS, SR. *against* EXECUTORS OF EDWARD BROOKS, JR.

Where oyer is demanded, and the manner in which it is given is unsatisfactory, the objection must be made at the trial, and not by motion to produce the papers that are wanted.

---

This was a motion by the defendant to produce the bonds and evidences which were to be produced on the trial.

*Griffith* for motion.    *Leake* contra.

*Per Curiam.* The time to take advantage of an insufficient compliance with the demand for oyer is at the trial, and it cannot be done by a motion to produce papers.

Rule refused.